

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,675-01

### EX PARTE TERRANCE HENRY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-59736-W(A) IN THE 363RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment without parole. The Fifth Court of Appeals affirmed the conviction but reversed and remanded the judgment as to punishment. *Henry v. State,* No. 05-11-00676-CR (Tex. App.—Dallas Aug. 24, 2012, no pet.). In the second punishment proceeding, the trial court sentenced Applicant to life. The appellate court affirmed the judgment. *Henry v. State,* No. 05-14-00197-CR (Tex. App.—Dallas July 10, 2015, pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel was ineffective because counsel incorrectly informed him that, following the first appeal, there was no need to pursue the claims concerning the conviction in a PDR because, following the new punishment hearing, they could preserve them through a motion for new trial and raise them in the second PDR. Additionally, counsel had informed Applicant while the first appeal was pending that, "if it bec[a]me necessary," he would file a PDR on Applicant's behalf. However, counsel did not file a PDR from the first appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions,

3

objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:    October 21, 2020
Do not publish